JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY HILLS PROPERTIES, LLC, | CASE NO. 17-1388-MWF (AGRx) |
| Plaintiff, | |
| v. | ORDER REMANDING CASE TO STATE COURT |
| BRANDI KI CONLEY, et al., | |
| Defendants. | |

    The Court <u>sua sponte</u> **REMANDS** this action to the California Superior Court for the County of Los Angeles for lack of subject matter jurisdiction, as set forth below.

    "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" <u>Syngenta Corp Protection, Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting <u>Great Northern R. Co. v. Alenxander</u>, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against remnoval juridiction. <u>Id.</u>; <u>Nevada v. Bank of America Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

    Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have

original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. <u>Abrego Abrego v. Dow Chemical Co.</u>, 443 F3d 676, 682 (9th Cir. 2006); <u>Gaus</u>, 980 F2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal court." <u>Syngenta Crop Protection</u>, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remanded if it lacks jurisdiction." <u>Kelton Arms Condo. Owner's Ass'n v Homestead Ins. Co.</u>, 346 F3d 1190, 1192 (9th Cri. 2003). "If at any time before final judgment it appears tha the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C § 1447(c). It is "it is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

☒ No basis for federal question jurisdiction has been identified:

  ☒ The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1]

  ☒ Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." <u>ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994). A "case may

---

[1] The Protecting Tenants at Foreclosure Act does not create a private right to action. <u>Logan v. US Bank N.A.</u>, 722 F3d 1163, 1169-73 (9th Cir. 2013).

not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983).

☒ The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

☒ No basis for Removal under 28 U.S.C. § 1443(1).

Defendant asserts that she has performed a civil rights removal pursuant to 28 U.S.C. § 1443(1). "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). 'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir.1970). 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.' *Id.*" *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006.)

Whether or not Defendant's petition for removal satisfies the first part of the § 1443(1) removal test, it clearly does not satisfy the second  Like the removing defendants in *Patel*, she "point[s] to no formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court[,] nor do[es] [he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Id.* at 999. She simply states in conclusory fashion that Cal. Civil Code section 2924 prevents her from enforcing "her equal rights to contract for and secure real property in the Superior Courts of the State of California on account of" that statute, "which specifically violates the equal protection of the laws and equal access to the courts and to due process of law . . . ." The statute does nothing of the sort. Bearing the long title, "Transfer as security deemed mortgage or pledge; power of sale; requirements prior to sale; trustee liability; evidence of compliance; privileged communications; rebuttable presumption," the statute defines what a "mortgage" and a "pledge" are, what the contents of a Notice of Default must be, and other technical provisions relating to mortgages. The statute says nothing that reasonably could be construed as requiring or permitting any denial of equal protection or due process. On the contrary, much of the statute states what process is due when a borrower defaults on a mortgage.

1 ☒ Diversity jurisdiction is lacking:

☒ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

☒ The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not plausibly alleged that the amount in controversy requirement has been met. Id.; see Dart Cherokee Basin Operating Co., LLC v. Owens, No. 13-719, 2014 WL 7010692, at *6 (U.S. Dec. 15, 2014).

☒ The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Date: February 27, 2017

_____
MICHAEL W. FITZGERALD
United States District Judge